J-A29027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GERARDO MEJIA, | |
| Appellant | No. 3289 EDA 2016 |

Appeal from the Judgment of Sentence September 22, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0002450-2015

BEFORE:  LAZARUS, J., PLATT, J.,[*] and STRASSBURGER, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 27, 2018**

Appellant, Gerardo Mejia, appeals, *pro se*, from the judgment of sentence entered on September 22, 2016, following his non-jury conviction of driving under the influence—drugs (DUI),[1] possession of a small amount of marijuana,[2] failure to keep right,[3] and careless driving.[4]  On appeal, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] 35 P.S. § 780-113(a)(16).

[3] 75 Pa.C.S.A. § 3301(a).

[4] 75 Pa.C.S.A. § 3714(a).

challenges the trial court's denial of his motion to suppress and the sufficiency

of the evidence.  For the reasons discuss below, we affirm.

We take the underlying facts and procedural history in this matter from

the trial court's January 6, 2017 memorandum, the notes of testimony of the

suppression hearing, and our independent review of the certified record.

> The suppression hearing establish[ed] the following facts. Detective Christopher Schwartz of the Plymouth Township Police Department is an experienced police officer, trained additionally in drug investigations and driving under the influence offenses. On April 11, 2014, the detective was working as a plainclothes officer, operating an unmarked vehicle equipped with lights and siren.  He had a police vest on that prominently displayed the word "Police" on the front and back.[5]
>
> At about 9:55 p.m., Detective Schwartz observed [Appellant's] vehicle, a white Honda Accord, on Conshohocken Road swerving into oncoming traffic, crossing the double yellow lines on three occasions.  In addition, the detective observed the vehicle [braking] for no reason that was apparent to him. According to the detective[,] there were no obstructions in the roadway, or anything that would have been impeding the flow of traffic, which would have required [Appellant] to swerve or apply his [brakes].
>
> Based upon these observations, Detective Schwartz, initiated a traffic stop, activating his lights and siren, once they were in a safe and well-lit area.  Detective Schwartz approached [Appellant's] vehicle, in which [Appellant] was the sole occupant. According to the detective's testimony, [Appellant] appeared extremely nervous.  He was talking in a very low voice and was breathing rapidly.  [Appellant] only rolled the window down one-half of the way down.  Detective Schwartz advised [Appellant] that he was pulled over because he crossed the double yellow lines. [Appellant] responded that he might have been a little over the double yellow lines, but not by much.

---

[5] This information appears to contradict the trial court's earlier statement that Detective Schwartz was in plainclothes.

[Appellant] was asked for his license and proof of valid insurance and registration. The detective asked [Appellant] a few routine questions, and it was about this time that he detected the odor of fresh marijuana coming from the vehicle. Detective Schwartz went back to his vehicle to run a check of [Appellant's] cards, while waiting for backup to arrive. When Officer DeSantis[6] arrived as backup, Detective Schwartz returned to [Appellant's] vehicle and asked him to step out. [Appellant's] eyes were red and glassy, and the detective smelled the distinct odor of burnt marijuana emanating from [Appellant's] person. [Appellant] admitted to smoking marijuana, but he said it was earlier in the day.

These observations led the detective to ask [Appellant] for consent to search his vehicle. He explained to [Appellant] what consent was and that it had to be voluntary. The detective further explained that he had the right to refuse, and that in such a case he would obtain a warrant to search the car. After [Appellant] asked Detective Schwartz several questions, which were answered, [Appellant] consented to the search. [Appellant] was not in handcuffs at that time. A search of the vehicle led to the finding of the marijuana under the driver's seat, and [Appellant] was then taken into custody.

* * *

[Appellant] testified at the suppression hearing maintaining that he did not drive improperly, and other issues which [the trial c]ourt found to lack merit.

(Trial Court Opinion, 1/06/17, at 3-5) (record citations omitted).

The trial court held a suppression hearing on July 26, 2016. Immediately following the hearing, the trial court suppressed the results of a blood draw, but denied the rest of Appellant's motion. Directly after the

---

[6] Officer DeSantis's first name is not mentioned in the certified record.

hearing, Appellant proceeded to trial and the trial court found him guilty of the aforementioned charges.

On September 22, 2016, following review of the presentence investigation report, the trial court sentenced Appellant to an aggregate term of incarceration of not less than time-served nor more than six months.  On October 19, 2016, Appellant filed the instant, timely appeal.  On October 21, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal.  *See* Pa.R.A.P. 1925(b).  On November 9, 2016, Appellant a timely Rule 1925(b) statement.  *See id.*  On January 6, 2017, the trial court filed an opinion.  *See* Pa.R.A.P. 1925(a).

On May 22, 2017, Appellant's counsel moved to withdraw.  On June 12, 2017, this Court granted counsel's motion to withdraw and remanded the matter to the trial court for a determination of Appellant's eligibility for appointed counsel.  On June 23, 2017, the trial court sent a letter to this Court informing us that Appellant was not eligible for appointed counsel and had elected to proceed *pro se* on appeal.

On appeal, Appellant raises the following questions for our review:

> 1. Did the police officer have probable cause:
>
> a. to stop [Appellant's] vehicle for what was, at most, a momentary and minor traffic violation?
>
> b. to search [Appellant's] vehicle?
>
> 2. Since the circumstances were not "so telling" as to form a "clear connection" between marijuana and impairment and no

expert testimony was introduced to bridge that gap, can [Appellant's] conviction for driving under the influence stand?

(Appellant's Brief, at 6).

On appeal, Appellant challenges the denial of his motion to suppress. (*See id.* at 13-19). When we review a ruling on a motion to suppress, "[w]e must determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from these findings." *Commonwealth v. Holton*, 906 A.2d 1246, 1249 (Pa. Super. 2006), *appeal denied*, 918 A.2d 743 (Pa. 2007) (citation omitted). Because the suppression court in the instant matter found for the prosecution, we will consider only the testimony of the prosecution's witnesses and any uncontradicted evidence supplied by Appellant. *See id.* If the evidence supports the suppression court's factual findings, we can reverse only if there is a mistake in the legal conclusions drawn by the suppression court. *See id.*

Appellant first argues that the police lacked probable cause[7] to stop his vehicle. (*See* Appellant's Brief, at 13-17). We disagree.

In its opinion, the trial court succinctly analyzed this issue as follows.

["]The issue of what quantum of cause a police officer must possess in order to conduct a vehicle stop based on a possible

_____

[7] We note that in his Rule 1925(b) statement, Appellant argued that the police lacked "reasonable suspicion" to stop his car. ([Appellant's] Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 11/09/16, at unnumbered page 1 ¶ 2). However, in its opinion, the trial court specifically noted that it had found the police had probable cause to stop the vehicle and discussed its finding under that standard. (*See* Trial Ct. Op., at 5-9). Therefore, we do not find that Appellant waived this issue.

violation of the Vehicle Code is a question of law, over which the scope of review is plenary and the standard of review is *de novo*." **Commonwealth v. Holmes**, 14 A.3d 89, 94 (Pa. 2011) [(citation omitted)]. The Vehicle Code provides the following statutory authorization for a police officer to stop a motor vehicle:

> Whenever a police officer . . . has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information  as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.[A.] § 6308(b). Accordingly, Section 6308(b) requires only reasonable suspicion in support of a stop for the purpose of gathering information necessary to enforce the Vehicle Code violation. However, in **Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010) (*en banc*)[, *appeal denied*, 25 A.3d 327 (Pa. 2011)][, this Court] held that a police officer must have probable cause to support a vehicle stop where the officer's investigation subsequent to the stop serves no "investigatory purpose relevant to the suspected [Vehicle Code] violation." [**Feczko**, **supra** at 1291]. In **Feczko**, the police officer observed the defendant's vehicle cross over the double yellow median line and the fog line. [**See id.**] at 1286. During the ensuing vehicle stop, the officer noticed the scent of alcohol on the defendant's breath. [**See id.**] Importantly, the officer did not testify that the stop was based on suspicion of DUI. [**See id.**] The defendant was convicted of DUI and a Vehicle Code violation, and argued on appeal that the vehicle stop was illegal. [**See id.**] This Court noted the distinction between the investigative potential of a vehicle stop based on a reasonable suspicion of DUI as compared to other suspected violations of the vehicle code. [**See id.**] at 1289 (citing **Commonwealth v. Sands**, 887 A.2d 261, 270 (Pa. Super. 2005)). Whereas a vehicle stop for suspected DUI may lead to further incriminating evidence such as an odor of alcohol or slurred speech, a stop for suspected speeding is unlikely to lead to further evidence relevant to that offense. [**See id.**] Therefore:

> a vehicle stop based solely on offenses not "investigable" cannot be justified by a mere

reasonable suspicion, because the purposes of a ***Terry***[8] stop do not exist-maintaining the *status quo* while investigating is inapplicable where there is nothing further to investigate. An officer must have probable cause to make a constitutional vehicle stop for such offenses.

***Feczko***, [***supra***] at 1290 (quoting ***Commonwealth v. Chase***, 960 A.2d 108, 116 (Pa. 2008) [(emphasis omitted)]).

In this case, [the trial court] applied the probable cause standard to the legality of the vehicle stop. Officer Schwartz stopped [Appellant's] vehicle because of his swerving over the double yellow line several times into the opposing traffic lane and because of [Appellant's] unexplained random [braking]. These two violations of the Vehicle Code did not require additional investigation. It was only after Schwartz stopped [Appellant's] vehicle did Detective Schwartz suspect a DUI violation. Therefore, [the trial court] reviewed the facts using the probable cause requirement, and not a reasonable suspicion standard as [Appellant] has suggested in this appeal.

"The police have probable cause where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. We evaluate probable cause by considering all relevant facts under a totality of circumstances analysis." ***Commonwealth v. Hernandez***, 935 A.2d 1275, 1284 (Pa. 2007) (citation[s] and quotation marks omitted). "[P]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." ***Commonwealth v. Salter***, 121 A.3d 987, 994 (Pa. Super. 2015) (citation omitted).

Applying the law to the facts of this case, [the trial court] found that the vehicle stop was entirely lawful and proper. Detective Schwartz had probable cause to believe that the Vehicle Code was being violated in his presence. He observed the swerving of the vehicle over the double yellow lines into the opposite traffic lane several times in the short period of time he followed [Appellant's] vehicle. The swerving was of the nature

---

[8] ***Terry v. Ohio***, 392 U.S. 1 (1968).

that it would have posed a hazard to the other vehicle on the roadway. He also observed the random [braking] although, according to the detective's testimony, there were no roadway conditions that would require [braking] in this manner. Given the totality of these circumstances, [the trial court] determined that Detective Schwartz had probable cause to stop [Appellant's] vehicle based upon the Vehicle Code violations he witnessed.

(Trial Ct. Op., at 6-9).

We have reviewed the testimony at the suppression hearing and the trial court's opinion, and find both that the evidence supports court's factual findings and there is no mistake in its legal conclusions. *See Holton*, *supra* at 1249. Therefore, we find that the trial court did not err in denying Appellant's motion to suppress because the police had probable cause to stop Appellant's vehicle. *See id.*

Appellant next argues that the trial court erred in finding that the police had probable cause to search his vehicle. (*See* Appellant's Brief, at 17-19). However, he waived this claim. Appellant did not raise this claim in his Rule 1925(b) statement, which only challenged the stop of the vehicle and, more generally the denial of the motion to suppress. (*See* Statement of Errors Complained of on Appeal, at unnumbered pages 1-2). As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 431

(Pa. Super. 2009). Therefore, Appellant waived any challenge to lack of probable cause to search his vehicle. ***See id.***

In his final issue, Appellant argues that the evidence was insufficient to sustain his conviction for DUI because there was no evidence that "the intoxicating substance ha[d] substantially impaired the normal mental and physical faculties required to safely operate the vehicle." (Appellant's Brief, at 20; ***see id.*** at 20-29). However, again, Appellant waived the claim.

Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, **when viewed in a light most favorable to the Commonwealth as verdict winner**, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Tarrach***, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted) (emphasis added).

However, we are unable to address the merits of Appellant's claim, because his Rule 1925(b) statement did not sufficiently identify the error that he intended to challenge on appeal.

As this Court has consistently held:

If Appellant wants to preserve a claim that the evidence was insufficient, then the [Rule] 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. [Where a Rule] 1925(b) statement [ ] does not specify the allegedly unproven elements[,] . . . the sufficiency issue is waived [on appeal].

**Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citation and emphasis omitted).

Here, in his Rule 1925(b) statement, Appellant stated, "the trial court erred in finding him guilty [of the charges at issue] as there was insufficient evidence . . . to support such convictions." (Statement of Errors Complained of on Appeal, at unnumbered page 1). Appellant, for the first time in this case, in the 'Statement of the Questions Involved' section of his brief, identified the specific elements upon which he believed the evidence was insufficient. In its Rule 1925(a) opinion, the trial court specifically found that, because of Appellant's vague 1925(b) statement, his sufficiency of the evidence claims were waived. (**See** Trial Ct. Op., at 10). While it did generally address the evidence underlying Appellant's convictions, it was unable to discern the specific sufficiency argument raised in the instant appeal from Appellant's general Rule 1925(b) challenge to the sufficiency of the evidence,

and did not address it. (*See id.* at 11-13). Moreover, in its brief on appeal, the Commonwealth objects to the defects in Appellant's Rule 1925(b) statement, arguing that Appellant waived his sufficiency argument. (*See* Commonwealth's Brief, at 15-19).

We agree that Appellant's Rule 1925(b) statement, failed to specify which of Appellant's multiple convictions was at issue, did not identify which elements of the convictions he was challenging, and made it impossible to discern the very specific issue raised in his brief. We must conclude that Appellant's sufficiency of the evidence claim is waived on appeal. *See Williams*, *supra* at 1257.

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18